**Gonzalo Vicente ALVARADO-MATUL, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–75702.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Oct. 1, 2009.

___

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

John W. Blakeley, Esquire, Emily Anne Radford, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Gonzalo Vicente Alvarado–Matul, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Don v. Gonzales,* 476 F.3d 738, 741 (9th Cir.2007), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on both Alvarado–Matul's inconsistent testimony regarding the timing and circumstances of the government agents' visit to his uncle, *see Chebchoub v. INS,* 257 F.3d 1038, 1043–44 (9th Cir.2001), and Alvarado–Matul's admission he lied to immigration officials about his date of entry, *see Don,* 476 F.3d at 742. In the absence of credible testimony, Alvarado–Matul's withholding of removal claim fails. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Parmjeet Kaur Randhawa, Esquire, Law Offices of Parmjeet Kaur Randhawa, San Francisco, CA, for Petitioner.

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ Because Alvarado–Matul's CAT claim is based on testimony the agency found not credible, and there is no evidence in the record that compels a finding that it is more likely than not he would be tortured if returned to Guatemala, his CAT claim fails. *See id.* at 1156–57.

We reject Alvarado–Matul's contentions that the BIA's decision violated due process. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for due process violation).

**PETITION FOR REVIEW DENIED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.